UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **DARRYL MORRISON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 1:21-cv-00216-WCL-SLC |
| | ) |
| **PRAIRIE FARMS DAIRY, INC.,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## OPINION AND ORDER

Plaintiff filed suit in Allen Superior Court against his former employer, Defendant Prairie Farms Dairy, Inc. ("Prairie Farms"), and his labor union, Defendant RWDS Union Local 810 ("RWDS") on March 26, 2021 (ECF 3), and Prairie Farms removed the action here on June 1, 2021 (ECF 1). Now before the Court is Prairie Farms's Motion for More Definite Statement or to Dismiss (ECF 6), together with a supporting memorandum (ECF 7), filed on June 7, 2021, asserting that it cannot reasonably prepare a meaningful response to Plaintiff's complaint and asking that the Court order him to make a more definite statement of his claims, or alternatively, to dismiss his claims. In response, on June 21, 2021, Plaintiff filed a motion for leave to file an amended complaint (ECF 13), together with a proposed amended complaint (ECF 13-1). On June 28, 2021, Prairie Farms filed a reply to its motion for more definite statement and a response to Plaintiff's motion to amend. (ECF 14). Plaintiff has not filed a reply to his motion to amend, and the time to do so has now passed. *See* N.D. Ind. L.R. 7-1(d)(3)(B). Therefore, both motions are ripe for ruling.

A party may move for a more definite statement of a pleading that is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "In

general, motions for a more definite statement under Rule 12(e) are appropriate when a 'pleading fails to specify the allegations in a manner that provides sufficient notice.'" *Malekpour v. LaHood*, No. 12 C 6999, 2012 WL 5996375, at *1 (N.D. Ill. Nov. 30, 2012) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513-14 (2002)). "Motions under Rule 12(e) are generally disfavored." *Metz v. Joe Rizza Imps., Inc.*, 700 F. Supp. 2d 983, 992 (N.D. Ill. 2010) (citations omitted).

Prairie Farms asserts in its motion for more definite statement that Plaintiff's complaint alleges "multiple theories of recovery for race-based discrimination and retaliation under both Title VII and Section 1981, and intermixes these allegations between two separate Defendants." (ECF 6 ¶ 7). Prairie Farms contends that Plaintiff's complaint makes it "impossible to determine exactly what claims [he] is making, and what claims are against what parties," such that Prairie Farms cannot prepare a meaningful response to the claimed causes of action. (*Id.* ¶ 11). Prairie Farms further argues in its reply brief that Plaintiff's proposed amended complaint "is barely changed from the original Complaint" and fails to cure the identified deficiencies. (ECF 14 at 2-4). Accordingly, Prairie Farms asks that the Court order Plaintiff to amend his complaint to articulate the separate counts he intends to allege against Prairie Farms, and separately plead his different theories of recovery against the two Defendants as separate counts. (*Id.* at 3-4). In the alternative, Prairie Farms asks that the Court dismiss Plaintiff's claims. (*Id.*).

Prairie Farms's motion is unpersuasive. "Rule 8 requires very basic 'notice pleading,' which is offset by wide and liberal discovery rights." *Moore v. Fid. Fin. Servs., Inc.*, 869 F. Supp. 557, 560 (N.D. Ill. 1994) (citation omitted); *see* Fed. R. Civ. P. 8(d) (stating that "[n]o technical form is required" and that alternative pleading is permitted). Plaintiff's complaint and

2

proposed amended complaint are not so vague or ambiguous that they fail to provide Prairie Farms with notice of his various claims, as well as the grounds upon which they rest. *See, e.g.*, *Metz*, 700 F. Supp. 2d at 992 (denying the defendants' motion for a more definite statement).

To elaborate, in his proposed amended complaint Plaintiff alleges that he "was employed by Defendant Prairie Farms from June 2017 until his wrongful termination on or about December 30, 2019." (ECF 13-1 ¶ 5). Plaintiff, who is African American, alleges that during this employment he "was subjected to harassing comments and hand gestures by his supervisor," that the "hand gestures symbolized white power," and that he "complained about the use of these racist gestures." (*Id.* ¶ 6). Plaintiff further alleges that he received several disciplinary write-ups (*id.* ¶¶ 7, 9) "in retaliation for reporting his supervisor for using racially-offensive hand gestures" (*id.* ¶ 11), that he was terminated for "allegedly accruing multiple written warnings" (*id.* ¶ 10), and that "White/Caucasian coworkers were not written up and/or terminated for similar conduct" (*id.* ¶ 11). Based on these factual allegations, Plaintiff asserts "that Defendant [Prairie Farms] discriminated against, retaliated against, and terminated him on the basis of his race and color in violation of Title VII and 42 U.SC. § 1981."[1] (*Id.* ¶ 13).

Given these allegations, Prairie Farms has received fair notice of the nature of Plaintiff's claims and has an adequate basis for responding to the claims.[2] *See Hallom*, 2019 WL 1762912,

---

[1] In the paragraph that follows, Plaintiff alleges that "RWDS discriminated [against] him and breached the duty of fairness it owed him on the basis of his race and color in violation of Title VII and the National Labor Relations Act." (*Id.* ¶ 14). Accordingly, it is reasonable to infer that the "Defendant" referenced in the preceding paragraph 13 refers to Plaintiff's prior employer, Prairie Farms, and not his labor union, RWDS.

[2] Moreover, as to Prairie Farms's alternative request to dismiss Plaintiff's claims, the proposed amended complaint contains enough facts "to state a claim for relief that is plausible on its face," *Hallom v. City of Chi.*, No. 1:18 C 4856, 2019 WL 1762912, at *1 (N.D. Ill. Apr. 22, 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)), and provides "fair notice of what the . . . claim is and the grounds upon which it rests," *id.* (alteration in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Consequently, Prairie Farms's alternative

3

at *2 ("If the pleading meets the requirements of Rule 8 . . . and fairly notifies the opposing party of the nature of the claim, a motion for a more definite statement should not be granted." (alteration in original; citation omitted)).  Indeed, Plaintiff's complaint "is not so unintelligible that Defendants could not frame a responsible pleading." *Id.*  In fact, RWDS has already filed its answer (ECF 4, 5), and thus, apparently was able to prepare a meaningful response to Plaintiff's claims as set forth in his original complaint.  Therefore, Prairie Farms's Motion for More Definite Statement or to Dismiss (ECF 6) is DENIED, and Plaintiff's Motion for Leave to File Amended Complaint (ECF 13) is GRANTED.  Plaintiff is DIRECTED to file the amended complaint (ECF 13-1) on or before July 21, 2021.

SO ORDERED.

Entered this 14th day of July 2021.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge

---

request for dismissal is also without merit.